UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DeAmontae Manning,　　　　　　　　　　　　　　Case No.　3:24-cv-559

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
Kimberly Henderson,

　　　　　　Defendant.

## I.　BACKGROUND

*Pro se* Plaintiff DeAmontae Manning, an Ohio prisoner incarcerated at the Toledo Correctional Institution ("ToCI"), filed a prisoner civil rights complaint in this action seeking $100 million in damages against Kimberley Henderson, the Warden at ToCI. (Doc. No. 1). Plaintiff was released from the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") at some point following his filing of the complaint but, according to publicly available ODRC records, Manning subsequently incurred new criminal charges.[1] Following his conviction on those charges, Manning returned to ODRC custody on January 30, 2025.

In his complaint, Plaintiff contends that in 2023, Defendant Henderson violated his rights under the Eighth Amendment by "us[ing] a computer to control a chip named NeuraLink that was implanted inside [his] body through [his] food to control [his] thought process, [his] memory, [his]

---

[1] https://appgateway.drc.ohio.gov/OffenderSearch

body movements, as in, control [his] hands, arms and legs in robotic form." (*Id.* at 9).[2] He states that as the result of "being controlled" by Henderson by "a chip" inside his body, he has suffered pain and physical injury, including "difficulty breathing," having his "brain" and "thought process" affected," "difficulty reacting or acting actions [he] intend[s]," and "difficulty remembering [his] past and present actions." (*Id.* at 8). Plaintiff subsequently filed a motion to supplement his complaint through a declaration. (Doc. No. 7).

Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), is granted, and for the following reasons, his complaint is dismissed and his motion to supplement his complaint through a declaration is denied.

## II. DISCUSSION

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

---

[2] According to publicly available information, Neuralink is a brain computer interface startup company led by Elon Musk. Its goal is to create a generalized brain interface to restore autonomy to those with unmet medical needs, such as those with quadriplegia due to cervical spinal cord injury or amyotrophic lateral sclerosis. The company implanted its device on the first human patient in 2024 with the approval of the FDA and has reportedly gained approval to implant its device in a second patient with modified procedures.
https://en.wikipedia.org/wiki/Neuralink#:~:text=Neuralink%20received%20FDA%20approval%20for%20human%20clinical%20trials%20in%20May%202023 (last accessed March 19, 2025).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

Upon review, I find that Plaintiff's complaint warrants dismissal pursuant to *Apple*. The scenario he alleges – of being controlled by Henderson by a chip implanted inside his body through his food – falls within the realm of frivolousness. *See, e.g., Rogers v. Ralles*, Case No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing a plaintiff's complaint alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown

3

substances which altered his heart rate and mind set); *Henry v. Caruso*, Case No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing prisoner complaint premised on allegations that prison officials surgically implanted transmission devices into his neck); *Dunlap v. Fish*, Case No. 3:23-cv-00154, 2023 WL 4919661, at *4 (M.D. Tenn. Aug. 1, 2023) (dismissing complaint alleging that prison employees used an electronic device implanted in plaintiff's body or hidden in the vents to deliver the sound of threatening voices from strangers).

Plaintiff subsequently filed a motion for leave to file a declaration. (Doc. No. 7). This declaration includes additional allegations about the purported chip in his body. He asserts he went to the emergency room immediately following his earlier release from prison. (*Id.* at 2). He claims he received an endoscopy and a colonoscopy while there but did not receive a third test because he was informed it might not be covered by his insurance. (*Id.*). Plaintiff then purchased a capsule endoscopy from eBay and conducted the test on himself at home, with the assistance of a female friend who is a nurse. (*Id.* at 2-3). He asserts this test showed two NeuraLink chips in his small intestines. (*Id.* at 3). Plaintiff asserts he has photographs on this procedure on his cell phone but that he no longer has access to his phone because he "was controlled by Defendant and now [is] . . . incarcerated." (*Id.*). Plaintiff also contends he needs an attorney to be appointed to assist him with pursuing his claim. (*Id.* at 3-4).

The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil action is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted). Plaintiff's proffered declaration does not make the allegations in his complaint any less frivolous, and this case

4

falls far short of the "exceptional circumstances" sufficient to justify appointment of counsel in a civil case. I deny Plaintiff's motion.

### III. CONCLUSION

Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*. I also deny Plaintiff's motion for leave to file a declaration and for the appointment of counsel. (Doc. No. 7). Finally, I certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge